UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                         Case No. 20-cr-0207-bhl-10

MENACHIN O. BROWN,

          Defendant.

## ORDER DENYING MOTION FOR SENTENCE MODIFICATION OR REDUCTION

      Defendant Menachin O. Brown pleaded guilty to Count One of an Indictment charging him with conspiracy to distribute 100 grams or more of heroin, 40 grams or more of fentanyl, and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (ECF No. 213.) On March 1, 2023, the Court sentenced Brown to twenty-four (24) months' imprisonment. (ECF No. 393.) Brown is currently housed at FCI Milan in Milan, Michigan. (ECF No. 479-1); *see* https://www.bop.gov/inmateloc/. On March 18, 2024, Brown filed a *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821). (ECF No. 479 at 1.) Because Amendment 821 does not result in a reduction in Brown's advisory guidelines imprisonment range, the Court will not disturb Brown's sentence.

      On April 27, 2023, the U.S. Sentencing Commission promulgated an amendment to the Sentencing Guidelines, sometimes referred to as Amendment 821, with an effective date of November 1, 2023. Part A of the amendment limits the impact of "status points" under Guideline § 4A1.1(e) on a defendant's criminal history score and category. Prior to the amendment, status points were added to a defendant's criminal history score if the defendant was found to have committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. § 4A1.1(d) (U.S. Sent'g Comm'n 2021). The amendment now limits application of these status points to offenders who have seven (7) or more criminal history points. U.S.S.G. § 4A1.1(e). Status points are thus eliminated for defendants with six or less criminal history points. The amendment also decreases the impact of status points. Even where applicable, the amendment now provides for

the addition of just one criminal history point, not two. *Id.* Part B of the amendment creates a new guideline that provides a decrease of two offense levels for "zero-point offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1.

On August 24, 2023, the Sentencing Commission voted to give retroactive effect to Amendment 821, sometimes referred to as Amendment 825. The Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 would not be effective until February 1, 2024, or later. U.S.S.G. § 1B1.10 cmt. n.7.

Brown's presentence report, which the Court adopted as undisputed, calculated his final offense level as 23. (ECF No. 257 at 13.) It also assessed him six criminal history points, putting him in criminal history category III. (*Id.* at 17.) Brown's resulting advisory guidelines imprisonment range was 60 months to 71 months. (*Id.* at 25.)[1] For reasons stated on the record, the Court ultimately sentenced Brown to a below-guidelines 24 months' imprisonment.

Brown does not benefit from any of the recent Sentencing Guideline amendments. He was not assessed any "status points," making Part A of Amendment 821 inapplicable to him. He also is not a "zero-point offender" and is not eligible for the amendments applicable to such offenders, as he acknowledged in his motion. (ECF No. 479 at 2.)

In sum, Brown pleaded guilty to offenses stemming from his involvement in a conspiracy to distribute controlled substances in and around Racine, Wisconsin, a serious offense. The Court imposed a below-guidelines sentence based on factors discussed at the Sentencing Hearing. None of the Sentencing Guidelines amendments affect Brown's advisory guidelines imprisonment range, and, even if they did, the Court confirms that its sentence of twenty-four (24) months' imprisonment remains appropriate.

---

[1] Under the Guidelines Manual Sentencing Table, Brown's guidelines range would be 57-71 months. *See* U.S.S.G. Chapter 5, Part A. Brown's conviction for conspiracy to distribute 100 grams or more of heroin, 40 grams or more of fentanyl, and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) subjected him to a mandatory minimum of five years' or 60 months' incarceration. Under U.S.S.G. § 5G1.1(c)(2), the Court adjusted the final guideline range to account for the statutory minimum. (ECF No. 257 at 25.)

Accordingly,

**IT IS ORDERED** that the defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment 821), ECF No. 479, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 1, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
U.S. District Judge